UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-23833-Civ-Huck

MARIA TERESA PASCUAL and
WILLIAM R. BARZEE,

    Plaintiffs,
v.

DAVID RIVERA,

    Defendant.
_____/

## ORDER GRANTING EMERGENCY MOTION TO REMAND

THIS CAUSE is before the Court on Plaintiffs' Emergency Motion for Remand to State Court (D.E. # 5), filed October 26, 2010. Defendant filed a Petition for Removal (D.E. # 1) on October 23, 2010, asserting that this Court has federal question jurisdiction over this cause under 28 U.S.C. § 1331, and, hence, removal is proper under 28 U.S.C. § 1441(b). The Plaintiffs' state court action, filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case Number 10-56463 CA 09, seeks a determination that Defendant David Rivera, candidate for United States Congress, Congressional District 25, failed to comply with Florida law's candidate financial disclosure requirements and also seeks Mr. Rivera's disqualification as a candidate for Congress in the November 2, 2010 election. Judge Jerald Bagley, Circuit Court Judge, Miami-Dade Circuit Court, is scheduled to hold a hearing on Plaintiffs' Complaint on Wednesday, October 27, 2010, at 1:30 p.m.

Due to the impending hearing in state court, this Court held two hearings on Plaintiffs' Emergency Motion, one telephonic hearing the day the Motion was filed, October 26, 2010, and one in-person hearing October 27, 2010, at 8 a.m. For the reasons stated in open court and based on the "well-pleaded complaint rule" regarding federal question jurisdiction, the Court finds remand of this action appropriate. State court actions removed to federal court based on federal question jurisdiction are governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482

U.S. 386, 392 (1987). This longstanding rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" without regard to federal defenses raised in the action. *Caterpillar, Inc.*, 482 U.S. at 392–93.

The Court finds the case relied upon by Defendant Rivera in support of removal, *Harris v. Florida Elections Canvassing Commission*, 122 F. Supp. 2d 1317 (N.D. Fla. 2000), *aff'd* 235 F.3d 578 (11th Cir. 2000), wholly distinguishable from the instant action. Unlike the Plaintiffs in this case, the plaintiffs in the first of the two removed cases at issue in *Harris* originally filed a complaint alleging violations of state and federal law and amended their complaint to allege only state law violations. 122 F. Supp. 2d at 1318. In *Harris*, Senior District Judge Paul found removal proper because plaintiffs had "artfully pled" to avoid mention of the federal nature of their action and the "purported state law complaint" sought to "overturn a prior federal ruling which directly covered the issues presented in the purported state law complaint." *Id.* at 1319 n.2. Affirming the district court in *Harris*, the Eleventh Circuit emphasized that federal courts had jurisdiction over the case because, *inter alia,* the Florida administrative Rule plaintiffs attacked was "[]given the circumstances of its creation . . . in effect, the order of a federal court." *Harris*, 235 F.3d at 579. Defendant Rivera does not allege that the Florida law at issue here is tantamount to an order of a federal court. Also, unlike the Plaintiffs Pascual and Barzee here, the *Harris* plaintiffs indicated to the Eleventh Circuit that "federal questions may play a necessary role in resolving their purported state cause of action" and in their main brief to the Eleventh Circuit, characterized their claims as presenting issues under the U.S. Constitution. *Id.* at 579 n.2. The Court also notes that the other case cited by Defendant, *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), indicates that state courts are competent to hear precisely the type of defense asserted by Defendant Rivera–that is, that state election law runs afoul of the United States Constitution. In *U.S. Term Limits*, the United States Supreme Court affirmed Arkansas state court decisions below, which had held that an amendment to the Arkansas Constitution prohibiting otherwise-eligible candidates for U.S. Congress from appearing on election ballots if they had already served a designated number of terms in Congress violated the United States Constitution. 514 U.S. at 783.

Accordingly for the reasons stated in open court at the October 27, 2010, hearing and in this

Order[1], it is hereby

ORDERED that Plaintiffs' Emergency Motion to Remand is GRANTED.  The case is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida.

DONE and ORDERED in Chambers, Miami, Florida, October 27, 2010.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to:</u>
All Counsel of Record

---

[1] The Court acknowledges the brevity of this Order and notes that the parties requested a prompt ruling on the Plaintiffs' Motion to avoid interference with the previously-scheduled state court hearing set for October 27, 2010, at 1:30 p.m.